UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                 14CV8764

DANA GIBSON,                                  CIVIL RIGHTS
                Plaintiff,                    COMPLAINT

    -against-
                          RECEIVED
                          OCT 29 2014
D. TRAVIS, ET AL          PRO SE OFFICE
                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/14

PLEASE TAKE NOTICE, pursuant to 42 U.S.C. § 1983, plaintiff, Dana Gibson, pro se, commence this Civil Rights Litigation.

## VENUE AND JURISDICTION

1. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b)(2), because the events giving rise to plaintiff's claims at all relevant dates and approximate times occurred in this judicial district (i.e., Dutchess County of the State of New York).

2. In accordance with Fed. R. Civ. P. 8 (a)(1), this Civil Rights Litigation arises under violations of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§§§§§ 112(b), 1331, 1343, 1391, 2201, and 2202.

## TYPE OF TRIAL

3. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury.

## CAPACITIES

4. Plaintiff commence this Civil Rights Litigation against

the individual defendants named in their individual capacities.

## PARTIES

5. **DANA GIBSON** ("Gibson") A transsexual prisoner is the pro se plaintiff in this Civil Rights litigation. Plaintiff's current address is Wende Correctional Facility ("Wende C.F."), 3040 Wende Road, P.O. Box 1187, Alden, New York 14004-1187.

6. **D. TRAVIS** ("Travis") A Correction Officer is a defendant in this Civil Rights litigation. Defendant Travis is employed at Downstate Correctional Facility ("Downstate C.F.") located at 121 Red Schoolhouse Road, P.O. Box 445, Fishkill, New York 12524-0445.

7. The following are additional defendants to this Civil Rights litigation: S. Sassi, K. Mitchell, R. Ulysse, J. Wiand, D. Cook, A. Gamble, L. Strauss, A. Perez, J. Gonzalez, T. D'Bryan, J. Cavaleri, Albert Prack and Nancy Heywood.

## STATEMENT OF CLAIM

8. Pursuant to Fed. R. Civ. P. 8 (a)(2), Plaintiff hereby commences this Civil Rights litigation based upon the following causes of action:

## FIRST CAUSE OF ACTION

9. Plaintiff herein allege that her Eighth Amendment Right to the United States Constitution under the Cruel and Unusual Punishment Clause was violated to to the actions of Negligence, gross Negligence, Failure to protect, Carelessness and Recklessness of defendants' Travis, Sassi, Mitchell, Ulysse, Wiand, Cook, Gamble, Strauss and Perez.

10. On or about Monday, May 19, 2014 at approximately 5:05 pm., While imprisoned in the recreation area within the "1"-Complex, "D"-Block ("1-D") inmate housing Unit of Downstate C.F. Plaintiff, A general population prisoner was

approached by defendants' Travis and Sassi. Upon approaching plaintiff defendant Sassi stated to plaintiff "Asshole, I hear your gay ass have a problem with your cell location. Well we don't like homosexuals here so we are going to get this situation right as of now." At this time without provocation defendant Travis with his closed right fist punched plaintiff about her head area as defendant Sassi with a closed right fist punched plaintiff about the left side of her face.

11. At this time defendants' Mitchell and Ulysse without provocation tackled plaintiff to the floor whereabout defendant Sassi placed handcuffs tight on plaintiff's left and right wrists positioned behind her back. As plaintiff was lying on the floor face down without provocation defendants' Sassi, Travis, Ulysse and Mitchell proceeded to kick plaintiff about her upper and lower body area at which time defendant Sassi stated to plaintiff "you want to complain, now we are going to kick your ass." Defendants' Sassi, Travis, Ulysse, and Mitchell continued to kick plaintiff for approximately fifteen minutes until defendants' Wiand, Gamble and Cook arrived in the area to escort plaintiff to the Infirmary of Downstate C.F.

12. Upon the order of defendant Wiand defendants' Cook and Gamble proceeded to drag plaintiff from the 1-D inmate housing unit to the facility infirmary during such defendant Wiand ordered that defendants' Cook and Gamble bang plaintiff's head on each door post they come into contact with in route to the infirmary. In complying with defendant Wiand's order defendants' Cook and Gamble proceeded to forcefully bang plaintiff's head on approximately seven door posts in route to the facility infirmary causing plaintiff to suffer two hematomas on her forehead.

13. Upon plaintiff being placed in the Downstate C.F. Infirmary emergency room defendant Strauss arrived to examine and document plaintiff's reported injuries sustained. As plaintiff reported injuries to her forehead, ribs, left knee, right ankle, swelling below eyes and breathing problems de-

defendant Strauss refused to examine, treat or document plaintiff's reported physical injuries daily stating to plaintiff "You listen now, Sergeant Wiand brought you up here. I will only document the injuries he tell me to document." After making such statement defendants Strauss and Wiand ordered plaintiff to sign a Injury Accident Report which did not denote all of plaintiff's reported injuries. Accordingly, plaintiff refused to sign such report. At such time defendants Wiand, Cook and Gamble without justification proceeded to punch plaintiff about her head and upper body as defendant Strauss looked on and failed to intervene to stop such attack. Defendant Strauss only stated "Sign the report and they will stop."

14. After approximately ten minutes of punching and threatening plaintiff defendant Wiand forcefully put plaintiff's legs in a figure-four leg lock twisting plaintiff's right foot until her ankle made a painful popping sound. To this defendant Wiand stated to plaintiff, "Now I broke your ankle you should have signed the paper." At this time the attack on plaintiff stopped as she was taken to the Special Housing Unit ("SHU") of Downstate C.F.

15. On or about Tuesday, May 20, 2014 while imprisoned in the SHU of Downstate C.F. plaintiff filed a letter of complaint with defendant Perez advising her that on Monday, May 19, 2014 plaintiff was physically attacked by defendants Sassi, Travis, Mitchell, Wysse, Wiand, Cook and Gamble, and defendant Strauss refused to examine, treat, or document her reported injuries sustained. Accordingly, plaintiff requested that her reported injuries be documented and photographed. On or about Friday, June 6, 2014 defendant Perez in a response memorandum to plaintiff's letter of complaint totally ignored the substance of plaintiff's complaint and request refusing to take any action. Moreover, defendant Perez failed to remedy the wrong by proactively participating in the review and approval of such physical attacks on plaintiff.

16. Subsequently, due to the defendants' actions stated above plaintiff sustained permanent injuries to her forehead,

Ribs, left knee, right ankle and eye problems.

## SECOND CAUSE OF ACTION

17. Plaintiff herein allege in the context of two separate inmate prison disciplinary hearing proceedings her Fourteenth Amendment rights to the United States Constitution under the due process clause was violated to to the egregious and outrageous actions of defendants' Gonzalez, D'Bryant, Lawaleki, Prack and Heywood.

18. Plaintiff is currently serving a prison sentence within the custody of that the New York State Department of Corrections and Community Supervision ("DOCCS") that include a maximum term of life imprisonment and, thus is ineligible for good time credit under New York State law. As such, a favorable result of plaintiff's due process claims herein would not implicate or affect her overall prison term sentence. Wherefore, notice is hereby given that plaintiff agree to abandon forever and any all all claims she has, had or may have in the future with respect to any sanction that would affect her overall prison sentence (e.g., loss of good time credits).

## FIRST DISCIPLINARY HEARING

19. On or about May, 2014 while imprisoned in the SHU of Downstate C.F. plaintiff was assigned the pre-hearing employee assistance of defendant Gonzalez in connection with two Inmate Misbehavior Reports ("IMR") plaintiff was issued dated Monday, May 19, 2014 and signed by defendants Sassi and Travis alleging plaintiff violate multiple DOCCS rules. In an attempt to obtain and marshal the alleged facts and evidence in connection with the alleged incident to present a comprehensive defense to the allege DOCCS rule violations plaintiff requested that defendant Gonzalez obtain the following entitled documents for her: Parts "A", "B", "C", "D" and "E" of the Use of Force Report, the Preliminary and Final Unusual Incident Report ("U.I. Report"), and all To-And-From Memorandums filed regarding the alleged

incident of Misconduct.

20. On or About May, 2014 defendant Gonzalez Advised plaintiff she was not going was not going to provide her with Any of the documents she requested. When plaintiff asked why defendant Gonzalez Daily stated to plaintiff "get it from the hearing officer during the hearing."

21. On or About Friday, May 23, 2014 At Approximately 2:47 pm. While still imprisoned in the SHU of Downstate C.F. plaintiff was summoned to appear at a Tier-Three Superintendent Hearing before defendant D'Bryan As the presiding hearing officer. Whereabout plaintiff was formally charged with allegedly violating multiple DOCCS Rules Reported by defendants' Sassi And Travis. Upon being read the alleged Rule Violations Lodged Against her plaintiff entered a plea of not guilty to All the Alleged DOCCS Rule Violations And proceeded to object to the hearing based upon the lack of pre-hearing employee Assistance she was Afforded by defendant Gonzalez. To Such Objection defendant D'Bryan stated to plaintiff "I have All the documents you Requested, I have Not decided what to give you I Need to Review them First." At this time plaintiff was forced to proceed with the hearing ill-prepared And unable for such reason to present a defense. the hearing was Adjourned.

22. On or About Thursday, May 29, 2014 At Approximately 1:29 pm., the instant hearing was Reconvened by defendant D'Bryan After providing plaintiff with some of the documents Requested. At such time defendant D'Bryan Rendered A disposition in such hearing Finding plaintiff guilty of All Alleged DOCCS Rule Violations. Defendant D'Bryan in Finding plaintiff guilty Relied Daily Upon the IMR's And Memos of defendants' Sassi And Travis Which were outside of the hearing proceedings. Accordingly, defendant D'Bryan imposed Upon plaintiff the penalties of six months in SHU Confinement, Loss of Packages, phones, And Commissary. Also four months loss of good time credit.

23. On or About Thursday, May 29, 2014 plaintiff

commenced an Administrative Appeal of defendant D'Bryan's disposition to the DOCCS Acting Commissioner, Anthony J. Annucci, based upon the following deficiencies: (1) defendant Gonzalez deprived plaintiff of sufficient pre-hearing employee assistance; (2) defendant D'Bryan deprived plaintiff of the right to present documentary evidence; and (3) defendant D'Bryan deprived plaintiff of a fair and impartial hearing and hearing officer as the disposition was not based upon substantial evidence. As such, on or about Monday, June 9, 2014 plaintiff commenced an Addendum to such Appeal asserting to defendant Prack that defendant D'Bryan failed to conduct a formal mental health and intellectual capacity assessment because plaintiff had consumed a prescribed medication known to alter one's mental, emotional and mood state (i.e., "Zafirlukast" -aka- "Accolate").

24. Also on or about Monday, June 9, 2014 plaintiff commenced a letter of complaint to defendant Heywood requesting her intervention based upon defendant D'Bryan's failure to conduct such mental health and intellectual capacity assessment on plaintiff during such hearing. Defendant Heywood refused to take any action. On or about Friday, August 1, 2014 defendant Prack proactively participated in reviewing plaintiff's Administrative Appeal and Appeal Addendum. Accordingly, in defendant Prack becoming fully aware of the deficiencies in the instant hearing, defendant Prack failed to remedy the wrong as without reason given he rendered a decision on such Appeal affirming the hearing disposition of defendant D'Bryan. Based upon the facts stated plaintiff was deprived of the following due process: (1) Adequate pre-hearing employee assistance by defendant Gonzalez; (2) the right to present documentary evidence by defendants' D'Bryan and Prack; and (3) a fair, impartial hearing and hearing officer by defendant D'Bryan.

25. While serving the penalties imposed in SHU confinement without just cause plaintiff suffered a number of unusually harsh forms of treatment including but not limited to: (1) deprivation of religious accommodations; (2) deprivation of educational services; (3) deprivation of medical medication;

(4) deprivation of cell cleaning items, and (5) deprivation of adequate ventilation.

## SECOND DISCIPLINARY HEARING

26. On or about May, 2014 while imprisoned in the SHU of Downstate C.F., plaintiff was assigned the pre-hearing employee assistance of defendant Gonzalez in connection with a IMR plaintiff was issued dated Monday, May 19, 2014 and signed by defendant Wiand alleging plaintiff had violated multiple DOCCS Rules. In an attempt to obtain and marshall the alleged facts and evidence in connection with the alleged incident to present a comprehensive defense to the alleged rule violations plaintiff requested that defendant Gonzalez obtain the following titled documents: Parts "A", "B", "C", "D" and "E" of the Use of Force Report, the preliminary and final U.I. Report and all TO-And-From Memorandums filed regarding the alleged incident of misconduct. On or about May, 2014 defendant Gonzalez advised plaintiff she would not provide her with any of the documents she requested. When plaintiff asked why defendant Gonzalez only stated to plaintiff "get it from the hearing officer during the hearing."

27. On or about Friday, May 23, 2014 at approximately 7:58 pm, while still imprisoned in the SHU of Downstate C.F., plaintiff was summonsed to appear at a Superintendent Hearing before defendant Cavaleri as the presiding hearing officer whereabout plaintiff was formally charged with allegedly violating a number of DOCCS Rules allegedly reported by one "Sgt. J. Wiand". Upon being read the alleged DOCCS Rules violated and waged against her plaintiff entered a plea of not guilty to all the alleged rule violations and proceeded to object to the hearing based upon the lack of pre-hearing employee assistance she received from defendant Gonzalez. Upon acknowledging that defendant Gonzalez did not provide plaintiff with proper pre-hearing employee assistance defendant Cavaleri forced plaintiff to proceed with the hearing ill-prepared and unable for such reason to present a defense. The hearing was adjourned.

28. On or About Thursday, May 29, 2014 At Approximately 4:42 p.m. the instant hearing was Reconvened by defendant Cavaleri, After providing plaintiff with some of the documents Requested. At such time defendant Cavaleri, Rendered A disposition in such hearing Finding plaintiff guilty of All Alleged Rule Violations As Reported by one "Sgt. J. Waind". Defendant Cavaleri, in Finding plaintiff guilty Relied Only upon A written Report of A "Sergeant" And Supporting documentation. Accordingly, defendant Cavaleri, imposed upon plaintiff the penalties of six months in SHU Confinement, Loss of Packages, Commissary And phones. Also 12 months loss of Recreation.

29. On or About Thursday, May 29, 2014, Plaintiff commenced An Administrative Appeal of defendant Cavaleri's disposition to the DOCCS Acting Commissioner, Anthony J. Annucci, based upon the Following deficiencies of such hearing: (1) defendant Gonzalez deprived plaintiff of sufficient pre-hearing employee Assistance; (2) deprivation of Notice of Alleged Rule Violations (i.e., IMR) by "Sgt. J. Waind"; (3) deprivation A Fair And impartial hearing And hearing officer As the disposition was Not based upon substantial evidence. On or About Monday, June 9, 2014 plaintiff commenced An Addendum to such Appeal Asserting to defendant Prack that defendant Cavaleri, Failed to Conduct A Formal Mental health And intellectual Capacity Assessment because plaintiff had Consumed prescribed Medications known to Alter ones Mental, emotional And mood state (i.e., "Accolate" -AKA- "Zafirlukast").

30. Also On or About Monday, June 9, 2014, Plaintiff commenced A Letter of Complaint to defendant Heywood Requesting her intervention in such hearing based upon defendant Cavaleri, Failure to Conduct such Mental health And intellectual Capacity Assessment of plaintiff depriving her of due process. defendant Cavaleri's Actions Caused such. defendant Heywood Refused to take Any Action. On or About Friday, August 1, 2014 defendant Prack proactively participated in Reviewing plaintiff's Administrative Appeal And Appeal Addendum. Accordingly, in defendant Prack becoming fully Aware of the deficiencies in the instant hearing by defendants Gonzalez And Cavaleri, depriving plaintiff of her due process Rights defendant Prack Failed to remedy the wrong

As without reason provided he rendered a decision on such appeal affirming the disposition of defendant Cavaleri. Based upon the facts stated plaintiff was deprived of the following due process rights: (1) Adequate pre-hearing employee assistance by defendant Gonzalez; (2) Fair notice of the alleged DOCCS rule violation by defendants Cavaleri and Prack; and (3) A fair and impartial hearing and hearing officer by defendants Cavaleri and Prack.

31. While serving the penalties imposed in SHU confinement without just cause, plaintiff suffered a number of unusually harsh forms of treatment including but not limited to: (1) deprivation of religious accomodations; (2) deprivation of educational services; (3) deprivation of medical medications; (4) deprivation of cell cleaning items, and (5) deprivation of adequate cell ventilation, and more.

## PRAYER OF RELIEF

32. Pursuant to Fed. R. Civ. P. 8 (a)(2) and 42 U.S.C. § 1997(e), and based upon the foregoing actions of the aforementioned defendants the plaintiff herein seeks the relief of:

1.) One Million dollars in compensatory damages from each individual defendant above named.

2.) One Million dollars in punitive damages from each individual defendant above named.

3.) One Million dollars in mental and emotional damages from each individual defendant above named.

4.) Declaratory judgment.

5.) The cost of this action.

6.) And any such other and further relief as may be deemed just and proper.

Dated: October 27, 2014
Alden, New York

Respectfully Submitted,
Dana Gibson
Plaintiff, Pro-Se

DANA GIBSON
#D5-A3824
Wende C.F.
P.O. Box 1187
Alden, N.Y. 14004-1187
"Plaintiff, Pro-Se"